## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | |
|---|---|
| **STEVEN ELLIS EDMONDS,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **v.** | )     **CIVIL ACTION NO. 5:10-01374** |
| | ) |
| **JOEL ZIEGLER, Warden,** | ) |
| | ) |
| **Respondent.** | ) |

### PROPOSED FINDINGS AND RECOMMENDATION

On December 13, 2010, Petitioner,[1] acting *pro se*, filed his Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody. (Document No. 1).[2]

Specifically, Petitioner states the following grounds for relief:

---

[1] A Section 2241 petition for *habeas corpus* must be filed "in the district in which the prisoner is confined." *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). In the instant case, Petitioner filed his Section 2241 Petition while incarcerated at FCI Beckley, located in Beckley, West Virginia. FCI Beckley lies within the Southern District of West Virginia. While Petitioner's Petition was pending before this Court, he was transferred by the BOP to FCI Fort Dix, which is located in the District of New Jersey. The Fourth Circuit has stated that "[j]urisdiction is determined at the time an action is filed; subsequent transfers of prisoners outside the jurisdiction in which they filed actions does not defeat personal jurisdiction." *United States v. Edwards*, 27 F.3d 564 (4th Cir. 1994)(*citing Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990)); *also see Chaney v. O'Brien*, 2007 WL 1189641 at * 1 (W.D.Va. 2007)(finding that jurisdiction over petitioner was determined at the time the action was filed, not based on petitioner's subsequent transfer to Illinois during pendency of his Section 2241 Petition); *Martin v. United States*, 2006 WL 231485 (N.D.W.Va. Jan. 31, 2006)(stating that "once properly filed . . . a prisoner's subsequent transfer does not necessarily destroy jurisdiction in the district where the prisoner was incarcerated at the time the habeas petition was filed"). The undersigned therefore finds that since Petitioner's Petition was properly filed in the Southern District of West Virginia, this Court has authority to consider Petitioner's Petition based on the merits notwithstanding his transfer to prison outside this District.

[2] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Ground One: Failure to accurately and truthfully report allegations against Petitioner in violation of P.S. § 3420.09.

The officer did in fact use tools to find said weapons that the DHO Officer said that he didn't use. When I, and cell mate, at the time, observed the officer that was searching our cell using specialized tools that only officers have access to, to find the weapon. And the fact that I was in the cell less than a year and that the 4 ½ inch long piece of steel/nail that was found in a hole on the underside of the sink could have been placed there long before I moved in that cell. Pursuant to standard of employee conduct, all federal employees under such contract of employee shall not show preferential treatment, nor falsify misstate, or conceal material facts in connection to such employment, or other proper procedures offenses.

Ground Two: Failure to provide procedural due process in violation of 28 C.F.R. § 541.

The Region never once touched on the issues and facts that the officer did use specialized tools in order to find said weapon. When I stressed that in my appeal to them, and the fact that they never took into reasons that the weapon could of been in cell way before me and my cell mate became occupants of that cell. And the fact that I was never told that I had to search my cell; concealing material fact in connection to proper procedures in violation of P.S. 3420.09 id at 32.

Ground Three: Failure to respond under procedural due process coupled with 28 C.F.R. § 541.

The Central Office failed to respond back on set response date that they set after they extended from the original response date of September 4, 2010, to new response date of September 24, 2010. When respondents failed to keep timeline, they fall into default and all relief requested shall be granted. See Fed. R. Civ. P. §§ 55 and 12(a)(2)(5).

Ground Four: Failure to provide all due process and equal protection of the law necessary under the sovereign, United States Constitution and laws in such cases.

The due process clause of Fifth Amendment guarantees that "no person shall . . . be deprived of life, liberty, or property without due process of law." See id Good Real Property, 510 U.S. 43 at 48. While "fairness can rarely be obtained by secret, one-sided determination of facts, decisions of rights." Joint Anti-fascist Refugee Comm. v. Megrath, 341 U.S. 123, 170 - 72 (1951). Additionally, Petitioner never received notice (pursuant to 28 C.F.R. § 541.11) of such rule: that I was suppose to do security duties and pre-search my cell assignment.

(Id., pp. 6 - 9.) By Order entered on October 31, 2013, the undersigned directed Respondent to file

an Answer to the allegations contained in the Petitioner's Application and show cause, if any, why the Writ of *Habeas Corpus* sought by the Petitioner in this case should not be granted. (Document No. 6.)

On November 25, 2013, Respondent filed his "Response To Order to Show Cause." (Document No. 9.)  Respondent argues that Petitioner's Petition should be denied based on the following: (1) "Petitioner received the rights afforded pursuant to <u>Wolff</u>" (<u>Id.</u>, pp. 7 - 8.); (2) "The DHO's findings are sufficient to support the charge" (<u>Id.</u>, pp. 8 - 11.); and (3) "There is no due process right to an administrative remedy program" (<u>Id.</u>, pp. 11 - 12.)

Petitioner failed to file a Response, which was due on December 30, 2013.

## <u>DISCUSSION</u>

**1.      Due Process Violation Pursuant to <u>Wolff</u>:**

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the Petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); <u>Rose v. Hodges</u>, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). Although the Fifth Amendment of the United States Constitution prohibits the federal government from depriving any person of "life, liberty, or property, without due process of law," the range of protected liberty interests for defendants convicted and confined in prison are significantly reduced for their period of incarceration. <u>See</u> U.S. Const. Amend. XIV, § 1; <u>Gaston v. Taylor</u>, 946 F.2d 340, 343 (4th Cir. 1991). The fact of conviction implies the defendant's transfer of his liberty to prison officials, who in their broad discretion, administer his sentence. <u>Gaston</u>, 946 F.2d at 343. Nevertheless, "confinement to prison does not strip a prisoner of *all* liberty interests." <u>Gaston v. Taylor</u>, 946 F.2d at 343 (emphasis added).

To determine whether an inmate retains a certain liberty interest, the Court must look to the

3

nature of the claimed interest and determine whether the Due Process Clause applies. See Board of Regents of State Colleges v. Roth, 408 U.S. 564, 570-71, 92 S.Ct. 2701, 2705-06, 33 L.Ed.2d 548 (1972). An inmate holds a protectable right in those interests to which he has a legitimate claim of entitlement. See Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 2103-04, 60 L.Ed.2d 668 (1979)(quoting Board of Regents v. Roth, 408 U.S. at 577, 92 S.Ct. 2709). In Gaston v. Taylor, the Fourth Circuit determined that an inmate possesses a claim of entitlement in those interests "which were not taken away, expressly or by implication, in the original sentence to confinement." Id. at 343. Such interests, however,

> will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995)(citations omitted). Consequently, in order to establish that a deprivation of his due process rights has occurred, Petitioner must identify a liberty interest which is protected by the Due Process Clause of the United States Constitution. Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) (holding that an inmate cannot be deprived of a protected liberty interest in good-time credits without procedural due process).

When a disciplinary sanction impacts the duration of a federal inmate's sentence, a protected liberty interest in the inmate's release from confinement is implicated, and minimal procedural guarantees are recognized. Ponte v. Real, 471 U.S. 491, 495, 105 S.Ct. 2192, 2195, 85 L.Ed.2d 553 (1985). The Supreme Court stated what procedure is required at a minimum in Wolff, supra. An inmate subject to administrative disciplinary sanctions impacting the duration of his sentence is entitled (1) to receive advance notice of charges no less than 24 hours before the disciplinary

4

hearing, (2) to present evidence and witnesses in his defense as long as it does not jeopardize institutional safety or correctional goals, and (3) to receive a written statement of the evidence relied upon and the reasons for the disciplinary action. Id., 418 U.S. at 563 - 569, 94 S.Ct. at 2978 - 2981. BOP regulations are clearly written in view of the constitutionally required minimum, but the failure of prison officials to follow their own internal policies, procedures or regulations alone is insufficient to make out a due process violation when a protected liberty interest is evident as long as the constitutionally required minimum is met. See Myers v. Klevenhager, 97 F.3d 91, 94 (5th Cir 1996); Giovanni v. Lynn, 48 F.3d 908, 913 (5th Cir. 1995), cert. denied, 516 U.S. 860, 116 S.Ct. 167, 133 L.Ed.2d 109 (1995). The undersigned notes additionally that the Supreme Court has indicated that prison regulations are not designed to confer rights on or benefits to inmates. Rather, they are primarily designed to guide correctional officials in the administration of prisons. Sandin v. Conner, 515 U.S. 472, 481- 482, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

Having thoroughly examined the record in this case, the undersigned finds no indication of error of constitutional magnitude in the disciplinary proceedings. It is clearly evident that in charging and considering Petitioner's violation of Offense Code 104, prison officials adequately adhered to the policies and procedures as prescribed in 28 C.F.R. § 541 and the Bureau of Prisons' Program Statement 5270.07. A review of the record reveals that Petitioner received all of the minimum due process safeguards set forth in Wolff. Petitioner received all documents pertinent to the charges against him, was advised of his rights, and had ample opportunity to present a defense to those charges. The undersigned notes that Petitioner received written notice of the charges on

December 10, 2009,[3] and was provided a "Notice of Discipline Hearing Before the DHO" on December 13, 2009. (Document No. 9-2, pp. 2 - 3, 5.) On the "Notice of Discipline Hearing Before the DHO," Petitioner indicated that he did not wish to have a staff representative or wish to call witnesses. (Id., p. 5.) The DHO hearing was held on December 15, 2009, and Petitioner made a statement in this defense. (Id., p. 9.) The DHO, however, found that Petitioner violated Offense Codes 104. (Id. pp. 9 - 11.) The DHO imposed the following sanctions: (1) 40 days Disciplinary Segregation; (2) Disallowance of 40 days Good Conduct Time; and (3) Loss of Commissary Privileges for 6 months.[4] (Id., p. 10.) Petitioner was provided a copy of the final DHO report on

---

[3] The Incident Report dated December 9, 2009, described the incident as follows (Document No. 9-2, p. 2.):

> At approximately 8:30 p.m., I, Senior Officer W. Ross conducted a routine cell search in Oak B Upper, cell #325. The two inmates residing in cell # 325 were inmates Steven Edmonds 10815-084 and . . .. I discovered a homemade weapon in one of the holes in the underside of the sink. The weapon was approximately 4 1/4 inches long made from a piece of round steel, sharpened to a point on one end with a piece of thin cord type material, black in color, taped to the handle end. After completing the search of the cell, I notified the Operations Lieutenant of my finding and carried the weapon to the Lieutenant's Office.

[4] The DHO stated the "Reason for Sanction or Action Taken" as follows (Document No. 9-2, p. 11.):

> The action on the part of any inmate to possess or manufacture a homemade weapon threatens the safety of all inmates and staff within the institution. A weapon enables someone to inflict serious and/or life threatening injuries, and presents a serious threat to the secure and orderly running of the facility.
>
> I have disallowed 75% of your available Good Conduct Time, have imposed a 40 day period of Disciplinary Segregation, and a six month loss of your commissary privileges, to hold you accountable for maintaining possession of a sharpened piece of metal in this instance, and to deter you from possessing such potentially harmful contraband items in the future. Hopefully these sanctions will have a significant impact on your future conduct and will deter you from further conduct of this sort. If not, I caution you that the BOP believes in and practices progressive discipline,

March 9, 2010. Based on the foregoing, the undersigned finds no violation of Petitioner's due process rights.

**2.      Insufficient Evidence:**

Next, Petitioner appears to contend that there was insufficient evidence to support the DHO's decision. Specifically, Petitioner contends that he should not be held accountable for the weapon found in his cell because there was no evidence that he hid the weapon in his cell. Petitioner argues that he was unaware of the weapon and the weapon must have been hidden in the cell prior to his assignment to that cell. In disciplinary hearings, due process is satisfied when the findings of the disciplinary authority are supported by "some evidence." Superintendent, Massachusetts Correctional Institution v. Hill, 472 U.S. 445, 454, 105 S.Ct. 2768, 2773, 86 L.Ed.2d 356 (1985)("revocation of good time does not comport with 'the minimum requirements of procedural due process' . . . unless the findings of the prison disciplinary board are supported by some evidence in the record"). The undersigned finds that prison staff, the UDC and the DHO acted fully within their discretion in developing the evidence which resulted in the finding that Petitioner was guilty of violating Offense Code 104. The finding was supported by the evidence and the disallowance of 40 days of good conduct time was lawful and appropriate. In addition to the Incident Report and Investigation, the DHO considered Petitioner's statement, the written statement of Senior Office W. Ross, and a photocopy of the weapon. (Document No. 9-2, pp. 9 - 11.) In finding that Petitioner violated Code 104, the DHO specifically stated that it relied upon the following:

> The specific evidence relied upon by the DHO to support this finding is the eyewitness account (written statement) of W. Ross, Senior Officer, who searched your assigned cell and found a sharpened piece of round steel, approximately 4 & ½

---

and repetitive behavior of this sort will undoubtedly result in harsher consequences.

inches in length, sharpened to a point on one end, with a piece of cord attached to the other end, in one of the holes on the underside of the sink, in Cell # 325, Oak B Upper Unit, on December 9, 2009, at about 8:30 p.m.

At the DHO hearing, I showed you the photo of the weapon and read you the report. You denied responsibility for it, denied knowing it was in your cell, and claim you have no idea how it got there. You admitted being assigned to that cell for little less than a year and admit you have not been searching your area to keep it free of contraband.

I considered your denial. However, there is no credible evidence that supports you assertion, and the prevailing responsibility to make certain your assigned area is free and clear of contraband, rests on your shoulders (P.S. 5270.07, Chapter 3, Responsibility #4), and other key facts support the notion that you could have, and should have, known this contraband weapon was present. The officer did not use or require special tools to find the weapon. Common sense dictates that, if the officer could easily search the cell and find the weapon, so, too, could have the cell's occupants, especially given little less than a year to check the area. Therefore, based upon the fact that a sharpened piece of metal was found in your assigned living area, and you have the responsibility to ensure your assigned area is free and clear of contraband, I find it prudent to hold you accountable for possessing a weapon, a violation of Prohibited Act Code 104, (Inmate Discipline Policy).

(Id., p. 10.) To the extent Petitioner now claims that the officer used a "special tool" to discover the weapon, Petitioner could have presented such an argument at the DHO hearing but he failed to do so. The record further reveals that the DHO Officer considered and rejected Petitioner's claim that he was unaware of the weapon. In McClung v. Hollingworth, 2007 WL 1225946 (4th Cir. Apr. 26, 2007), the Fourth Circuit concluded that "since a dangerous weapon was discovered in a cell that was the 'exclusive domain' of McClung and his cellmate, the constructive possession rule provides the necessary 'some evidence' sufficient to sustain McClung's disciplinary conviction." McClung v. Hollingworth, 2007 WL 1225946, * 3 (4th Cir. Apr. 26, 2007); also see Reynolds v. Williamson, 197 Fed.Appx. 196 (3rd Cir. 2006)(despite petitioner's claim that he did not possess tools necessary to retrieve the weapon from the plumbing, the court found "some evidence" supported DHO's conclusion that petitioner was in constructive possession of weapon recovered from plumbing of the

cell where petitioner and his cellmate were the only persons with access to plumbing and cellmate did not claim ownership of weapon); Gonzalez-Martinez v. Drew, 2011 WL 6982247 (D.S.C. Dec. 16, 2011)(finding "some evidence" to support the DHO's decision that petitioner was in possession of a weapon where the weapon was located under a locker in Petitioner's cell); Perez v. Rios, 2009 WL 499141 (E.D.Ky. Feb. 27, 2009)(finding sufficient evidence to support DHO's finding that because petitioner was in control of his cell area, he was in possession of a hazardous tool). Based on the foregoing, the undersigned finds no violation of Petitioner's due process rights because there was "some evidence" to support the DHO's decision. As stated above, Petitioner was given written notice of the charges against him at least 24 hours before his hearing,[5] Petitioner received a statement of the reasons for the unfavorable decision in the form of a written report, and Petitioner had the opportunity to call witnesses in his defense. Accordingly, the undersigned finds that the disciplinary hearing comported with the due process requirements.

**3.     Administrative Remedy Process:**

Inmates may file an appeal with the Regional Director within 20 days from the date he receives written notice of the DHO's decision. If the inmate is dissatisfied with the Regional Director's decision, the inmate may file an appeal with the Office of General Counsel. Petitioner complains that even though he took advantage of the appeal process, the Regional Office failed to adequately his address claim and the Office of General Counsel was untimely in its response. The undersigned, however, finds that "appellate review is not an element of due process." Massey v. Ballard, 2009 WL 2916889 (S.D.W.Va. Sept. 8, 2009)(citing, Jones v. Barnes, 463 U.S. 745, 751,

---

[5] The undersigned notes that Petitioner received written notice of the charges on December 10, 2009, and the DHO hearing was held on December 15, 2009. (Document No. 9-2, pp. 2, 9 -11.)

103 S.Ct. 3308, 3313, 77 L.Ed.2d 987 (1983)); also see Moses v. Bledsoe, 2004 WL 3317657, at

* 4 (N.D.W.Va. Sept. 28, 2004)(stating "there is no due process right to an appeal process").

Accordingly, the undersigned finds that administrative officials did not violate due process by failing

to adequately address Petitioner's claim or failing to timely respond to his appeal.

### PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court

confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED**

that the District Court **DISMISS** Petitioner's Application under 28 U.S.C. § 2241 for Writ of Habeas

Corpus by a Person in State or Federal Custody (Document No. 1.) and **REMOVE** this matter from

the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**,

and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant

to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules

Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United

States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have

seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date

of filing of these Findings and Recommendation within which to file with the Clerk of this Court,

written objections, identifying the portions of the Findings and Recommendation to which objection

is made, and the basis of such objection. Extension of this time period may be granted for good

cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo*

review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.

<u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

Date: January 8, 2014.

R. Clarke VanDervort
United States Magistrate Judge